UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>ANTENEH TESFAYE,<br><br>                Defendant. | CASE NO. **2:24-cr-00217-JHC**<br><br>**ORDER DENYING MOTION TO REOPEN DETENTION, DKT. 26** |

Before the Court is Defendant's motion to reopen the Court's November 4, 2024, detention order. *See* Dkts. 10 and 26. Defendant contends the Court should reopen detention on the grounds there is new information supporting release.

Defendant first contends "at the time of the original detention hearing, Mr. Tesfaye had not identified the treatment that was necessary for his health," to wit, that he needs inpatient substance abuse treatment and mental health treatment. Dkt. 26 at 2. This is not new information. The supplemental pretrial report indicated Defendant admitted to struggling with alcohol, cocaine, ecstasy and Percocet, completed treatment in 2016-17, but started using substances a year ago. The pretrial report also indicated Defendant received mental health treatment in 2019 and was suicidal in 2017. The Court finds that Defendant's claim he now needs treatment is not new information but information that was already evident at the November 2024 detention

hearing.

Defendant also contends that since the detention hearing, he has learned that his Ethiopian passport was seized on the day he was arrested and therefore he is not a flight risk because it would be difficult for him to leave the United States. *Id.* at 3. This does not blunt the government's November 2024 argument that Defendant was a flight risk because he was in possession of another person's passport which indicates he planned to use or alter the document for his own use.

Defendant also mentions the importance of maintaining his towing business and helping his uncle at a repair shop, but this is not new information. And lastly, Defendant argues while he is pending immigration removal proceedings, there is no immigration detainer, and he believes he can "derive citizenship through his father." *Id* at 3-4. The Court detained Defendant, in part, because although Defendant knew he had removal proceedings hanging over his head, he nonetheless persisted in engaging in criminal conduct indicating an unwillingness or inability to conform his conduct to court order. *See* Dkt. 10 at 2. Defendant's lack of a detainer and belief he can derive citizenship does not alter the Court's finding.

The Court also notes that none of Defendant's arguments address the danger he poses to the community. Defendant's criminal history goes back to 2004 and he has felony convictions for possession of stolen property; residential burglary; driving violations; robbery in the first degree; taking a motor vehicle without permission; promoting prostitution; unlawful possession of a firearm; and assault in the third degree.

For the foregoing reasons, the Court DENIES Defendant's motion to reopen detention, Dkt. 26.

1 | The Clerk shall provide counsel for the parties and the assigned United States District
2 | Judge with a copy of this Order.
3 | DATED this 2nd day of January, 2025.

```
                                          _____
                                          BRIAN A. TSUCHIDA
                                          United States Magistrate Judge
```

ORDER DENYING MOTION TO REOPEN
DETENTION, DKT. 26 - 3